■    ALBERT J. BUSHONG, Appellant, v HART & KEENAN AND CO., INC., et al., Respondents.—Judgment unanimously affirmed, with costs. Memorandum: Plaintiff brought this action to recover broker's commissions on a group annuity contract entered into by the Diocese of Syracuse and defendant New England Mutual Life Insurance Company (New England). The diocese had applied to New England for this coverage following New England's successful bid on an employee benefit plan developed for the diocese by defendant Hart & Keenan & Co., Inc. (Hart & Keenan). Under his "Agent's Career Contract" with New England, plaintiff was entitled to commissions on premiums for policies issued by New England on applications procured by him. New England paid the broker's commissions to Hart & Keenan. Plaintiff's complaint was dismissed after a nonjury trial, the court finding among other things that plaintiff was not the procurer of the contract of insurance for which he sought commissions. The right of an insurance agent to commissions, salary, or other compensation is governed

by the terms of the contract of employment or agency between the agent and insurer (16A Appleman, Insurance Law and Practice, § 8960; 4 Couch, Insurance, [2d ed], § 26:374; 29 NY Jur, Insurance, § 484; see *Sibbald v Bethlehem Iron Co.,* 83 NY 378). The terms of plaintiff's contract expressly limited payment of commissions to those policies procured by plaintiff. Hart & Keenan had been retained by the Diocese of Syracuse to "design, purchase, install and administer" the employee benefit plan prior to any efforts on the part of plaintiff to contact the diocese. Moreover, plaintiff did not speak to anyone at the diocese who had the authority to purchase the subject insurance policy (see 4 Couch, § 26:381). Furthermore, Hart & Keenan had invited New England to bid on other employee benefit plans for the Dioceses of Buffalo and Rochester in 1966 and 1967 respectively prior to its invitation to New England to bid on the Diocese of Syracuse plan. Upon these facts the court reasonably found that plaintiff's activities played no part in Hart & Keenan's invitation to New England to bid on the employee benefit plan. Since the factual determination of the trial court is not against the weight of the evidence, it should not be disturbed *(Mason v Lory Dress Co.,* 277 App Div 660, 663). Finally, plaintiff contends that Hart & Keenan deprived him of commissions by obtaining a letter from the Diocese of Syracuse designating it as broker of record and by improperly waiving fees for its consulting work in exchange for broker's commissions on the insurance contract, all in violation of section 209 of the Insurance Law (see 1946 Opns Atty Gen 230). Assuming that a waiver of consultant fees by Hart & Keenan in exchange for commissions would constitute an unlawful rebate under the Insurance Law, nevertheless, plaintiff failed to show that he was entitled to any commissions of which he could be deprived. Additionally, there was no proof that a consultant fee arrangement ever existed between Hart & Keenan and the Diocese of Syracuse for work performed by Hart & Keenan in connection with the employee benefit plan. Moreover, an insurance company must deal with the broker selected by the insured if it wishes to write the insurance policy *(Clinchy v Grandview Dairy,* 283 NY 39, 43). (Appeal from judgment of Oneida Supreme Court—insurance broker's commission.) Present—Moule, J. P., Cardamone, Simons, Dillon and Schnepp, JJ.