■ JAMES C. MERCER, Appellant, v PAL ENERGY CORPORATION, Respondent. (Appeal No. 1.) [720 NYS2d 689] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, James C. Mercer, commenced this action against defendant, Pal Energy Corporation (Pal Energy), alleging that Pal Energy had breached the terms of an exclusive gasoline supply agreement, pursuant to which Pal Energy agreed to supply Mercer's convenience store/gas stations with gasoline at Pal Energy's "lowest acquisition cost" plus agreed upon premiums, and to provide marketing services to Mercer. Supreme Court erred in granting the motion of Pal Energy for partial summary judgment dismissing the amended complaint insofar as it alleges that Pal Energy failed to provide gasoline at its lowest acquisition cost and in granting Pal Energy judgment on parts of its first three counterclaims. The court erred in concluding that the failure of Mercer to avail himself of the "Opt-Out" provision of the agreement relieved Pal Energy of the obligation to provide gasoline at its lowest acquisition cost. Although paragraph 4 (b) of the agreement entitled Mercer to opt out of the agreement upon notice to Pal Energy, in the event that Mercer determined that he could obtain a cheaper source of gasoline, paragraph 4 (a) imposes an independent duty upon Pal Energy to supply Mercer with gasoline at its lowest acquisition cost.

The court further erred in requiring Mercer to submit "additional proof" in support of his allegations that Pal Energy had breached the marketing services provisions of the agreement in order to avoid "automatic dismissal" of those allegations. Pal Energy moved for partial summary judgment on the

issue of liability only with respect to Mercer's allegations that it had breached the pricing provisions of the agreement, and Mercer did not cross-move for summary judgment on the issue whether Pal Energy had breached the marketing services provisions of the agreement (*see, Conroy v Swartout*, 135 AD2d 945, 946-947). The court therefore erred in placing the burden of submitting additional proof on Mercer when Pal Energy had not moved for summary judgment dismissing those allegations.

The court erred in denying that part of Mercer's cross motion seeking to sanction Pal Energy for its inability to produce its records for the period of time covered by the agreement. That inability is in direct violation of the agreement, which requires the parties to maintain records "in order to calculate the various amounts provided for in this Agreement or to verify such calculations." We conclude that the appropriate sanction is to preclude Pal Energy from offering evidence at trial with respect to the unavailable records (*see, Gross v Edmer Sanitary Supply Co.*, 201 AD2d 390, 391).

We, therefore, modify the order in appeal No. 1 by vacating the first, second, third, fourth, sixth, seventh, ninth, 10th and 11th ordering paragraphs, denying Pal Energy's motion for partial summary judgment and reinstating the amended complaint accordingly, and granting that part of Mercer's cross motion seeking a sanction and directing that Pal Energy is precluded from offering evidence at trial with respect to the unavailable records at issue. The appeal by Mercer from the order in appeal No. 2 is dismissed insofar as it is from the denial of that part of his cross motion seeking to reargue (*see, Empire Ins. Co. v Food City*, 167 AD2d 983, 984) and insofar as it is from the denial of that part of his cross motion seeking a stay pending appeal, as that issue has been rendered moot by our determination in appeal No. 1. The order in appeal No. 2 is otherwise reversed. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present— Pigott, Jr., P. J., Green, Hurlbutt and Scudder, JJ.