Bruce Morrow, Appellant, v MVP Health Plan, Inc., et al., Respondents. [762 NYS2d 532] —Mercure, J.P. Appeal from an order of the Supreme Court (Williams, J.), entered July 15, 2002 in Saratoga County, which, inter alia, granted defendants' motion to dismiss the complaint.

In March 2001, plaintiff, a licensed insurance broker, entered into a written agreement to solicit the enrollment of employer groups into defendants' insurance benefit plans. The agreement specified that either party had the right to terminate without cause. Additionally, the agreement provided that if plaintiff was dropped from the program, commissions due plaintiff would "cease."

In October 2001, defendants terminated the parties' agreement pursuant to the "no cause" provision and informed plaintiff that his client group would be notified that he was no longer a participating broker with defendants. Plaintiff was also told that any commissions due would "cease at the time of termination." Plaintiff commenced this action, alleging that defendants failed to pay him commissions due and that they tortiously interfered with his business relationships with his clients. Supreme Court granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion for summary judgment. Plaintiff appeals* and we affirm.

" 'To succeed on a motion under CPLR 3211 (a) (1), a defendant must show that the documentary evidence upon which the motion is predicated resolves all factual issues as a matter of law and definitively disposes of the plaintiff's claim' " (Ozdemir v Caithness Corp., 285 AD2d 961, 963 [2001], lv denied 97 NY2d 605 [2001], quoting Unadilla Silo Co. v Ernst & Young, 234 AD2d 754, 754 [1996]; see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]). Here, defendants rely upon the parties' agreement, which provided that the "[b]roker understands and agrees that if he/

---

* Plaintiff fails to address the denial of his cross motion for summary judgment in his brief. Accordingly, his appeal from the denial of his cross motion is deemed to be abandoned (De Vincentis & Son Constr. v City of Oneonta, 304 AD2d 1006, 1007 n 1 [2003]).

she is dropped from the MVP Broker Program for any reason whatsoever or is suspended from the MVP Broker Program, then any commission that may be due the [b]roker will cease and the commission will be retained by MVP." Although plaintiff argues that defendants must pay him commissions because he received "broker of record" letters from certain insureds selecting him as their broker, an insurance broker's right "to commissions, salary, or other compensation is governed by the terms of the contract of employment or agency between the [broker] and insurer" (*Bushong v Hart & Keenan & Co.*, 64 AD2d 814, 814-815 [1978]; *see Grubel v Union Mut. Life Ins. Co.*, 54 AD2d 686, 686 [1976], *lv denied* 41 NY2d 807 [1977]; *see also Swits v New York Sys. Exch.*, 281 AD2d 833, 835 [2001]). We conclude that the parties' agreement is unambiguous and precludes recovery of the commissions sought here. Indeed, plaintiff does not dispute that the agreement, by its terms, provides that defendants would retain the commissions due plaintiff upon termination. Accordingly, Supreme Court properly dismissed plaintiff's cause of action seeking recovery of commissions.

We further agree with Supreme Court and defendants that plaintiff failed to state a cause of action for tortious interference with a business relationship. That cause of action arises in " 'those situations where the third party would have entered into or extended a contractual relationship with plaintiff but for the intentional and wrongful acts of the defendant' " (*M.J. & K. Co. v Matthew Bender & Co.*, 220 AD2d 488, 490 [1995], quoting *WFB Telecom. v NYNEX Corp.*, 188 AD2d 257, 257 [1992], *lv denied* 81 NY2d 709 [1993]). In order to prevail, the plaintiff must demonstrate that the defendant's motive for the alleged interference was solely malicious (*see M.J. & K. Co. v Matthew Bender & Co., supra* at 490; *John R. Loftus, Inc. v White*, 150 AD2d 857, 860 [1989]. Inasmuch as plaintiff failed to allege that defendants acted with malice, this cause of action was properly dismissed pursuant to CPLR 3211 (a) (7).

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.