■ ROBERT BIDNICK, Appellant, v SIDNEY JOHNSON, Individually and as Superintendent of Schools of the Hempstead School District, et al., Respondents. [677 NYS2d 614] —In an action, inter alia, pursuant to 42 USC § 1983 to recover damages for deprivation of employment in violation of due process rights, the plaintiff appeals from an order of the Supreme Court, Nassau County (Driscoll, J.), dated July 14, 1997, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff is a former probationary teacher who alleges that the defendants forced him to resign from his position on March 3, 1992, based upon unsubstantiated accusations of misconduct. In May 1995, the plaintiff commenced this action seeking damages for the deprivation of his employment in violation of his due process rights under 42 USC § 1983 and NY Constitution, article I, § 6. The defendants moved for sum-

mary judgment, contending that the plaintiff could not recover for the loss of his employment because he resigned, and that the plaintiff's claims were barred by the Statute of Limitations and his failure to serve a timely notice of claim upon the school district. The Supreme Court granted the motion upon the ground that the plaintiff's resignation foreclosed him from seeking damages for the defendants' alleged failure to provide him with procedural due process, and did not reach the defendants' remaining claims. We now affirm, but upon an alternative basis (*see, Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539; *Giaimo v Roller Derby Skate Corp.*, 234 AD2d 340).

42 USC § 1983 provides a general remedy for injuries to personal rights, and a claim seeking damages under the statute must be commenced within the three-year limitations period which governs personal injury actions in this State (*see, Wilson v Garcia*, 471 US 261, 279; *423 S. Salina St. v City of Syracuse*, 68 NY2d 474, 486-487; *Legal Aid Socy. v City of New York*, 242 AD2d 423). Since the plaintiff commenced this action more than three years after his resignation and the termination of his employment, his 42 USC § 1983 claim is time-barred. Furthermore, the plaintiff's second cause of action, which asserts a violation of his constitutional rights under State law, is barred by his failure to serve a timely notice of claim upon the school district, or to apply for leave to serve a late notice within the applicable one-year-and-ninety-day limitations period (*see,* Education Law § 3813; *Peek v Williamsville Bd. of Educ.*, 221 AD2d 919; *Hoger v Thomann*, 189 AD2d 1048). O'Brien, J. P., Santucci, Krausman and Goldstein, JJ., concur.