■ STEPHEN HALE, Individually and Doing Business as HALE's BUS GARAGE, Appellant, v PAUL SCOPAC, Individually and as Vice-President of Clinton Central School District Board of Education, et al., Respondents. [903 NYS2d 642]—

Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered February 10, 2009. The order granted defendants' motion to dismiss the amended complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, slander arising out of statements made by defendant Paul Scopac, vice-president of the Clinton Central School District Board of Education (School Board), and defendant Guy Van Baalen, a member thereof, concerning plaintiff's bid to provide bus maintenance and storage services to the school district. Supreme Court properly granted defendants' pre-answer motion to dismiss the amended complaint for failure to file a timely notice of claim. We reject the contentions of plaintiff that he was not required to file a notice of claim because the complaint alleges intentional wrongdoing on the part of defendants, and because he was suing defendants both individually and in their official capacities. The record establishes that the alleged statements were made by defendants in the context of addressing official business at a School Board meeting and not in their individual capacities. A notice of claim is required where, as here, "the conduct complained of [by plaintiff, e.g., slander,] occurred during the discharge of the defendant[s'] duties within the scope of [their] employment" (*De-Rise v Kreinik*, 10 AD3d 381, 382 [2004]). Furthermore, although plaintiff sued defendants in their individual capacities, plaintiff was nevertheless required to file a notice of claim prior to commencing this action in view of the context in which the alleged statements were made (*see* Education Law § 3813 [1]; *see generally Ruggiero v Phillips*, 292 AD2d 41, 44-45 [2002]), and it is undisputed that plaintiff failed to do so. Present— Centra, J.P., Peradotto, Lindley and Pine, JJ.