10-1084-cv
Nixon, et al. v. Blumenthal, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of December, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
>     *Circuit Judges*,
> EDWARD R. KORMAN,
>     *District Judge*.[*]


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KAREN NIXON, THEODORE DRISCOLL, ANDREW MATTHEWS, PATRICK CAROZZA, JOHN BUTKEVICIUS, STEPHEN SAMPSON, THERESA FREEMAN, and BENJAMIN PAGONI,

    *Plaintiffs-Appellants*,

v.                                                  No. 10-1084-cv,

RICHARD BLUMENTHAL, ARNOLD MENCHEL, WILLIAM GUNDLING, and JEFFREY MEYERS,

    *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

FOR APPELLANTS:            NORMAN A. PATTIS, Bethany, CT.

FOR APPELLEES:            PERRY ZINN-ROWTHORN, Associate Attorney General (Richard Blumenthal, Attorney General, and Philip Miller, Assistant Attorney General, *on the brief*), Office of the Attorney General, Hartford, CT, *for* Richard Blumenthal, Arnold Menchel, and William Gundling.

                                       Richard R. Brown, Brown, Paindiris & Scott, LLP, Hartford, CT, *for* Jeffrey Meyers.

Appeal from a March 11, 2010 judgment entered in the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be **AFFIRMED**.

Plaintiffs-Appellants Karen Nixon, Theodore Driscoll, Andrew Matthews, Patrick Carozza, John Butkevicus, Stephen Sampson, Theresa Freeman, and Benjamin Pagoni (jointly, "plaintiffs"), all of whom are law enforcement officers of the Connecticut State Police in the Department of Public Safety ("DPS"), brought suit against Attorney General Richard Blumenthal, Assistant Attorneys General Arnold Menchel and William Gundling (jointly, "defendants"), as well as John/Jane Does 1-5, high-ranking officials in the DPS. Plaintiffs alleged that they were retaliated against for cooperating with an investigation of corruption and criminal activity within the Connecticut State Police. Specifically, plaintiffs brought suit under 42 U.S.C. § 1983 and § 1985, charging that they had been retaliated against for exercising their First Amendment right of free speech as whistleblowers. Plaintiffs also brought state-law claims against Jeffrey Meyers, a former employee of the Office of the Attorney General.

Defendants moved to dismiss the federal charges for failure to state a claim. The District Court granted defendants' motions to dismiss and declined to exercise supplemental jurisdiction over the state-law claims. Plaintiffs now appeal the dismissal of the § 1983 claim. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). "To establish a First Amendment retaliation claim, a plaintiff must show: (1) his speech addressed a matter of public concern; (2) he suffered an adverse employment action; and (3) a causal connection between the speech and the adverse employment action." *Singh v. City of New York*, 524 F.3d 361, 372 (2d Cir. 2007). The thrust of plaintiffs' appeal is that the District Court applied the wrong standard for determining what constitutes an "adverse employment action."

2

We have held that the term "adverse employment action" has a different meaning in the context of a First Amendment retaliation claim than it does in cases brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq. See Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 225-27 (2d Cir. 2006). In the First Amendment context, plaintiffs need not demonstrate a material change in employment terms or conditions in order to establish that they were subjected to an adverse employment action; rather, plaintiffs need only show that the retaliatory conduct in question "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Id.* at 225. Plaintiffs contend that the District Court incorrectly required them to allege facts demonstrating that they had been subjected to a material change in their respective employment terms or conditions. In support of this argument, plaintiffs point to the District Court's statement that "[p]laintiffs' complaint contains no allegations of refusals to promote, disciplinary actions, or demotions." *Nixon v. Blumenthal*, No. 3:08cv1933, 2010 U.S. Dist. LEXIS 22408, at *10 (D. Conn. Mar. 11, 2010). If this statement represented the entirety of the District Court's holding, plaintiffs' argument might have merit. But the District Court did, in fact, apply the proper legal standard. The District Court explicitly found that "[p]laintiffs have failed to assert any specific factual allegations from which a plausible inference could be drawn that, as a result of any 'adverse action' by [d]efendants, they have suffered any specific consequences that would deter a person of ordinary firmness from exercising his or her constitutional rights . . . ." *Id.* at *12. This conclusion is both dispositive and plainly correct.

Plaintiffs' complaint accuses defendants of permitting, condoning, or acquiescing in the sharing of confidential information about plaintiffs with members of senior management of the DPS. As a result, plaintiffs allege that they work "in an environment permeated by hostility." But the complaint provides no details about what kind of confidential information was disclosed, and, more significantly, the complaint offers absolutely no factual support for its conclusory allegation that plaintiffs work in an environment permeated by hostility. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The District Court rightly concluded that the conclusory allegations contained in plaintiffs' complaint failed to satisfy the pleading standards set forth in *Iqbal* and *Twombly*.

We have considered all of plaintiffs' arguments and find them to be without merit. Accordingly, the judgment of the District Court dismissing plaintiffs' federal claims and declining to exercise supplemental jurisdiction over their state-law claims is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

