■ ADAM MILLER, Respondent, v CITY OF NEW YORK et al., Appellants. [933 NYS2d 36]—

A notice of claim is required as a condition precedent to commencing an action against an employee of the New York City Department of Education (Education Law § 3813 [2]; General Municipal Law § 50-i), when, as in this case, the conduct complained of was engaged in as part of defendant's employment or in the scope of her employment (*Radvany v Jones*, 184 AD2d 349 [1992]; *see also Hale v Scopac*, 74 AD3d 1906 [2010]; *DeRise v Kreinik*, 10 AD3d 381, 382 [2004]). Here, plaintiff did file a notice of claim which described in detail the time, place and manner of the conduct by Livanis that allegedly interfered with his tenure rights and continued employment with the Department of Education, as well as his ability to enter into employment with other schools. Although he did not use the words "tortious interference with contract," a notice of claim does not have to set forth a precise legal theory of recovery (*DeLeonibus v Scognamillo*, 183 AD2d 697, 698 [1992]; *see also Simons v City of New York*, 252 AD2d 451, 453 [1998]). "[T]he notice of claim described in sufficient detail the time, place and manner of the occurrence and plaintiff's damages to advise the City of the basis for the claim so as to have an opportunity to investigate" (*id.*; *see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]). Concur—Moskowitz, J.P., Renwick, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 2011 NY Slip Op 30635(U).]**