■ Yefim Vaynshelbaum et al., Appellants, v City of New York et al., Respondents. [33 NYS3d 37]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered June 5, 2014, which granted defendants' motion for a directed verdict on opening statements, denied their motion in limine as moot, and dismissed the complaint, unanimously modified, on the law, to deny the motions as to the causes of action alleging intentional battery, vicarious liability, and loss of services, and otherwise affirmed, without costs.

On the morning that trial was to begin, defendants submitted a motion in limine seeking, inter alia, "preclusion" of five of the eight causes of action and a motion for a directed verdict on opening statements. The next day, after plaintiffs had submitted written opposition and opening statements were made, the court granted the motion for a directed verdict.

Plaintiffs' opening statement warranted dismissal of the negligence and negligent battery claims, because the claim that defendant Shepard used excessive force in handcuffing plaintiff Vaynshelbaum is fatally inconsistent with the negligence claims (*see Oteri v Village of Pelham*, 100 AD3d 725 [2d Dept 2012]; *Wertzberger v City of New York*, 254 AD2d 352, 352 [2d Dept 1998]).

However, plaintiffs' opening statement did not make any factual admissions that were fatal to their intentional battery claim based on Officer Shepard's alleged use of excessive force (*see Echavarria v Cromwell Assoc.*, 232 AD2d 347, 347 [1st Dept 1996]). To the extent defendants' eve-of-trial motion actually sought to dismiss the claims pursuant to CPLR 3211 (a) (1) based on the inadequacy of plaintiffs' notice of claim, we note that defendants did not provide plaintiffs with notice and a fair opportunity to respond (CPLR 2214 [b]).

In any event, the notice of claim provided sufficiently specific notice of the time, place and nature of the intentional battery claim to enable the city defendants to investigate (*see Brown v City of New York*, 95 NY2d 389, 393-394 [2000]; *Rivera v City of New York*, 169 AD2d 387 [1st Dept 1991]). Plaintiffs were not required to use the word "intentional" to give notice of their legal theory of recovery, since the facts alleged provided notice of the excessive force theory (*see Miller v City of New York*, 89 AD3d 612 [1st Dept 2011]).

The notice of claim did not, however, provide adequate notice of the claims for false imprisonment, negligent hiring, retention and training, and intentional infliction of emotional distress (*see Scott v City of New York*, 40 AD3d 408, 409-410 [1st Dept 2007]). As plaintiffs do not address those claims in their appellate papers, and the claims would be subject to dismissal upon a proper motion to dismiss, we deem them abandoned.

Since the intentional battery claim is reinstated, the related vicarious liability and loss of services claims are also reinstated. Concur—Acosta, J.P., Saxe, Gische, Webber and Kahn, JJ.