Appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated March 10, 2015. The order granted the defendants’ motion pursuant to CPLR 3211 (a) to dismiss the complaint and denied the plaintiff’s cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint.
 

 Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provisions thereof granting those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging employment discrimination on the basis of sex and age, and unlawful retaliation for complaints of sexual harassment, in violation of Administrative Code of the City of New York § 8-107, and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provision thereof denying the plaintiff’s cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint, and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with costs to the plaintiff.
 

 The plaintiff was employed as an Administrative Law Judge (hereinafter ALJ) with the New York City Department of Consumer Affairs (hereinafter DCA). She commenced this action against the City of New York, DCA, and five DCA employees, alleging causes of action to recover damages for (1) violation of her free speech and petition rights under the New York State Constitution, article I, §§ 8 and 9; (2) employment discrimination on the basis of sex and age in violation of the New York City Human Rights Law (see Administrative Code of City of NY § 8-107 [hereinafter NYCHRL]); and (3) unlawful retaliation in violation of the NYCHRL for complaints of sexual harassment and age discrimination. The complaint alleged that the plaintiff and other ALJs spoke out internally within the agency and externally to public officials and the press about an alleged DCA practice of improperly pressuring the ALJs to issue recommended decisions in favor of the agency and to impose maximum fines. The plaintiff was allegedly demoted and subjected to other retaliation due to this speech and to her complaints concerning alleged sexual harassment. The complaint also alleged the existence of a pattern of age discrimination within the agency. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint. The plaintiff cross-moved pursuant to CPLR 3025 (b) for leave to amend the complaint to assert an alternative First Amendment retaliation cause of action pursuant to 42 USC § 1983 in the event her state constitutional causes of action were dismissed. The Supreme Court granted the defendants’ motion and denied the plaintiff’s cross motion. The plaintiff appeals.
 

 On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 673 [2014]). Moreover, the court may consider affidavits submitted by a plaintiff to remedy any defects in the complaint (see Rushaid v Pictet & Cie, 28 NY3d 316, 327 [2016]; Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 52 [2016]). “Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss” (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38 [2006]; see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
 

 Here, the Supreme Court erred in granting those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging employment discrimination on the basis of sex and age in violation of the NYCHRL (see Administrative Code of City of NY § 8-107 [1] [a] [3]). The allegation that a coworker repeatedly demonstrated a sex toy to the plaintiff was sufficient to state a cause of action to recover damages for sexual harassment in violation of the NYCHRL (see Nelson v HSBC Bank USA, 87 AD3d 995, 999 [2011]). Further, in opposition to the defendants’ motion, the plaintiff submitted an affirmation of a separate coworker detailing further allegations of sexual harassment directed toward the plaintiff. The court erred in determining that the cause of action must be dismissed because the behavior constituted no more than petty slights or trivial inconveniences. A contention that the behavior was a petty slight or trivial inconvenience constitutes an affirmative defense (see Williams v New York City Hous. Auth., 61 AD3d 62, 80 [2009]), which should be raised in the defendants’ answer and does not lend itself to a pre-answer motion to dismiss (see Kaplan v New York City Dept. of Health & Mental Hygiene, 142 AD3d 1050, 1051 [2016]).
 

 Further, the allegations of disparate treatment of older employees, including the plaintiff, and that the plaintiff’s demotion was based, in part, on age discrimination, sufficiently stated a cause of action to recover damages for age discrimination in violation of the NYCHRL (see Administrative Code of City of NY § 8-107 [1] [a] [3]; Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 40 [2011]; cf. Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 621-622 [2013]). The fact that the individual defendants were approximately the same age as the plaintiff does not render the cause of action insufficient (see Rollins v Fencers Club, Inc., 128 AD3d 401, 402 [2015]).
 

 The Supreme Court also erred in granting dismissal of the cause of action alleging unlawful retaliation based on the plaintiff’s complaints of sexual harassment. Under the NYCHRL, the retaliatory act or acts complained of “must be reasonably likely to deter a person from engaging in protected activity” (Administrative Code of City of NY § 8-107 [7]; see Brightman v Prison Health Serv., Inc., 108 AD3d 739, 739 [2013]). The allegations that, following the plaintiff’s complaint to a supervisor concerning alleged sexual harassment, the plaintiff was assigned double the normal workload, subjected to increased scrutiny of her work and reprimands for minor errors, and ultimately demoted a few months later, sufficiently stated a cause of action to recover damages for unlawful retaliation for the plaintiff’s complaints of sexual harassment in violation of the NYCHRL (see Ananiadis v Mediterranean Gyros Prods., Inc., 151 AD3d 915, 920 [2017]; Fletcher v Dakota, Inc., 99 AD3d 43, 51-52 [2012]; Williams v New York City Hous. Auth., 61 AD3d at 71). However, the complaint failed to allege that the plaintiff ever complained about the alleged age discrimination, and thus the court properly granted dismissal of the cause of action alleging unlawful retaliation based on complaints of age discrimination.
 

 The Supreme Court properly granted dismissal of the cause of action alleging violations of the State Constitution on the ground that the plaintiff failed to serve a notice of claim (see General Municipal Law §§ 50-e, 50-i; 423 S. Salina St. v City of Syracuse, 68 NY2d 474, 482 [1986]; East End Resources, LLC v Town of Southold Planning Bd., 135 AD3d 899, 902 [2016]; Bidnick v Johnson, 253 AD2d 779, 780 [1998]; Gorman v Sachem Cent. School Dist., 232 AD2d 452, 453 [1996]). Contrary to the plaintiff’s contention, the action does not fall within the public interest exception to the notice of claim requirement, since the complaint seeks to vindicate the private rights of the plaintiff, and the disposition of the claim will not directly affect or vindicate the rights of others (see 423 S. Salina St. v City of Syracuse, 68 NY2d at 493; Mills v County of Monroe, 59 NY2d 307, 312 [1983]; Sager v County of Sullivan, 145 AD3d 1175, 1177 [2016]). Further, although the complaint named the individual defendants in their individual capacities, it alleged retaliation by them as part of their employment, and thus, the notice of claim requirement applied (see Miller v City of New York, 89 AD3d 612 [2011]; Hale v Scopac, 74 AD3d 1906, 1907 [2010]; Tesciuba v Koch, 215 AD2d 222 [1995]; Matter of Rattner v Planning Commn. of Vil. of Pleasantville, 156 AD2d 521, 526 [1989]).
 

 The Supreme Court improvidently exercised its discretion in denying the plaintiffs cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint to assert an alternative First Amendment retaliation cause of action pursuant to 42 USC § 1983, for which a notice of claim is not required (see Felder v Casey, 487 US 131, 153 [1988]; Blake v City of New York, 148 AD3d 1101, 1105 [2017]). In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025 [b]; Tirpack v 125 N. 10, LLC, 130 AD3d 917, 919 [2015]). Given the state constitutional causes of action included in the original complaint, the defendants would not be prejudiced or surprised by the assertion of a First Amendment cause of action. Further, the proposed amended complaint sufficiently alleged that the plaintiff and other ALJs spoke out, both internally in the agency and externally, as citizens on a matter of public concern (see Lane v Franks, 573 US -, -, 134 S Ct 2369, 2378-2380 [2014]; Garcetti v Ceballos, 547 US 410, 418, 424 [2006]; Givhan v Western Line Consol. School Dist., 439 US 410, 415-416 [1979]; Matthews v City of New York, 779 F3d 167, 174 [2d Cir 2015]; Sousa v Roque, 578 F3d 164, 174 [2d Cir 2009]; Freitag v Ayers, 468 F3d 528, 545 [9th Cir 2006]). As with unlawful retaliation claims under the NYCHRL, in the First Amendment context, a plaintiff “need only show that the retaliatory conduct in question ‘would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights’ ” (Nixon v Blumenthal, 409 Fed Appx 391, 392 [2d Cir 2010], quoting Zelnik v Fashion Inst. of Tech., 464 F3d 217, 225 [2d Cir 2006]). The allegations that the plaintiff was demoted following the internal complaints, and that she suffered a campaign of harassment following the external complaints, sufficiently pleaded that the subject speech was a substantial or motivating factor for an adverse employment action (see Phillips v Bowen, 278 F3d 103, 109-110 [2d Cir 2002]). Accordingly, the First Amendment retaliation cause of action pursuant to 42 USC § 1983 asserted in the proposed amended complaint was not palpably insufficient or patently devoid of merit, and leave to amend the complaint should have been granted (see CPLR 3025 [b]; Tirpack v 125 N. 10, LLC, 130 AD3d at 919).
 

 Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.