Mirro v City of New York (2018 NY Slip Op 02154)





Mirro v City of New York


2018 NY Slip Op 02154


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-08247
 (Index No. 507000/13)

[*1]Michele Mirro, etc., appellant, 
v
City of New York, et al., respondents.


Stewart Lee Karlin Law Group, P.C., New York, NY (Daniel Dugan of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Jeremy W. Shweder of counsel), for respondents.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), entered June 30, 2015. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's cross motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging discrimination on the basis of age in violation of the New York City Human Rights Law, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying the plaintiff's cross motion pursuant to CPLR 3025(b) for leave to amend the complaint, and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff was employed as an Administrative Law Judge (hereinafter ALJ) with the New York City Department of Consumer Affairs (hereinafter DCA). She commenced this action against the City of New York, the DCA, and four DCA employees, alleging causes of action to recover damages for violation of her rights to free speech and to petition under the New York State Constitution, article I, §§ 8-9, and discrimination on the basis of age in violation of the New York City Human Rights Law (see Administrative Code of City of NY § 8-107; hereinafter NYCHRL). The complaint alleged that the plaintiff and other ALJs spoke out internally within the agency and externally to public officials and the press about an alleged DCA practice of improperly pressuring the ALJs to issue recommended decisions in favor of the agency and imposing maximum fines. The plaintiff allegedly received negative performance evaluations and disciplinary charges due to this speech. The complaint also alleged the existence of a pattern of age discrimination within the agency. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff cross-moved for leave to amend the complaint to assert an alternative First Amendment retaliation cause of action pursuant to 42 USC § 1983 in the event her state constitutional cause of action was [*2]dismissed. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 673). Moreover, the court may consider affidavits submitted by a plaintiff to remedy any defects in the complaint (see Rushaid v Pictet & Cie, 28 NY3d 316, 327; Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 52). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38; see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
Here, the Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging age discrimination pursuant to the NYCHRL (see Administrative Code § 8-107). The allegations that there was disparate treatment of older employees, including the plaintiff, and that the plaintiff's disciplinary charges were based, in part, on age discrimination, sufficiently stated a cause of action to recover for age discrimination pursuant to the NYCHRL (see Administrative Code § 8-107[1][a][3]; Kassapian v City of New York, 155 AD3d 851; Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 40; cf. Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 621-622). The fact that the individual defendants were approximately the same age as the plaintiff does not render the cause of action insufficient (see Rollins v Fencers Club, Inc., 128 AD3d 401, 402).
The plaintiff's failure to serve a notice of claim requires dismissal of the cause of action alleging violations of the State Constitution (see General Municipal Law §§ 50-e, 50-i; 423 S. Salina St. v City of Syracuse, 68 NY2d 474, 482; East End Resources, LLC v Town of Southold Planning Bd., 135 AD3d 899, 902; Bidnick v Johnson, 253 AD2d 779, 780; Gorman v Sachem Cent. School Dist., 232 AD2d 452, 453). Contrary to the plaintiff's contention, the action does not fall within the public interest exception to the notice of claim requirement, since the complaint seeks to vindicate the private rights of the plaintiff, and the disposition of the claim will not directly affect or vindicate the rights of others (see 423 S. Salina St. v Syracuse, 68 NY2d at 493; Mills v County of Monroe, 59 NY2d 307, 312; Sager v County of Sullivan, 145 AD3d 1175, 1177). Further, although the complaint named the individual defendants in their individual capacities, it alleged retaliation by them as part of their employment, and, thus, the notice of claim requirement applied (see Miller v City of New York, 89 AD3d 612; Hale v Scopac, 74 AD3d 1906, 1907; Tesciuba v Koch, 215 AD2d 222; Matter of Rattner v Planning Commn. of Vil. of Pleasantville, 156 AD2d 521, 526).
The Supreme Court improvidently exercised its discretion in denying the plaintiff's cross motion pursuant to CPLR 3025(b) for leave to amend the complaint to assert an alternative First Amendment retaliation cause of action pursuant to 42 USC § 1983, for which a notice of claim is not required (see Felder v Casey, 487 US 131, 153; Blake v City of New York, 148 AD3d 1101, 1105). In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Tirpack v 125 N. 10, LLC, 130 AD3d 917, 919). Given the state constitutional causes of action included in the original complaint, the defendants would not be prejudiced or surprised by the assertion of a First Amendment cause of action. Further, the proposed amended complaint sufficiently alleged that the plaintiff and other ALJs spoke out, both internally within the agency and externally as citizens on a matter of public concern (see Lane v Franks, _____ US _____, _____ 134 S Ct 2369, 2378-2380; Garcetti v Ceballos, 547 US 410, 418, 424; Givhan v Western Line Consol. School Dist., 439 US 410, 415-416; Matthews v City of New York, 779 F3d 167, 174 [2d Cir]; Sousa v Roque, 578 F3d 164, 174 [2d Cir]; Freitag v Ayers, 468 F3d 528, 545 [9th Cir]). In the context of the First Amendment, a plaintiff "need only show that the retaliatory conduct in question would deter a similarly situated individual of ordinary firmness from exercising [*3]his or her constitutional rights'" (Nixon v Blumenthal, 409 Fed Appx 391, 392 [2d Cir], quoting Zelnik v Fashion Inst. of Tech., 464 F3d 217, 225 [2d Cir]). The allegations that the plaintiff received negative performance evaluations following the internal complaints, and that she was served with disciplinary charges following the external complaints, sufficiently pleaded that the subject speech was a substantial or motivating factor for an adverse employment action (see Phillips v Bowen, 278 F3d 103, 109-110 [2d Cir]). Accordingly, the First Amendment retaliation cause of action asserted in the proposed amended complaint was not palpably insufficient or patently devoid of merit, and leave to amend the complaint should have been granted (see CPLR 3025[b]; Tirpack v 125 N. 10, LLC, 130 AD3d at 919).
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court