Luna v Brodcom W. Dev. Co. LLC (2019 NY Slip Op 08382)





Luna v Brodcom W. Dev. Co. LLC


2019 NY Slip Op 08382


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


10393N 101340/15

[*1] Carmen Lezcano Luna, etc., et al., Plaintiffs-Respondents,
v
Brodcom West Development Company LLC, et al., Defendants-Appellants.
Brodcom West Development Company LLC, et al., Third-Party Plaintiffs-Appellants,
v
P.S. Marcato Elevator Co., Inc., Third-Party Defendant-Appellant.


Black Marjieh & Sanford LLP, Elmsford (Lisa J. Black of counsel), for Brodcom West Development Company LLC, and The Brodsky Organization LLC, appellants.
Gottlieb Siegel & Schwartz, LLP, New York (Lauren M. Solari of counsel), for P.S. Marcato Elevator Co., Inc., appellant.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondents.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 29, 2018, which granted plaintiff's motion to renew and reargue defendants' and third-party defendant's motions to strike the complaint and, upon reargument, vacated its March 28, 2018 order striking the complaint and dismissing the matter, and restored the matter to the court calendar, unanimously affirmed, without costs.
The court did not abuse its discretion in granting plaintiff's motion for leave to renew and reargue and, upon renewal and reargument, vacating its order that had granted appellants' motions to strike the complaint. Plaintiff sufficiently established that she substantially complied with the court's orders and did not engage in willful, contumacious or bad faith conduct (see Hogin v City of New York, 103 AD3d 419, 420 [1st Dept 2013] [defendant's recalcitrant or tardy compliance with discovery directives did not justify severe sanction of striking the answer]; Sheridan v Very, Ltd., 56 AD3d 305, 306 [1st Dept 2008] [motion court providently exercised its discretion in granting reargument and reinstating the complaint after plaintiff clarified facts relating to the extent of her compliance with discovery]; Frye v City of New York, 228 AD2d 182, 182-183 [1st Dept 1996] [affirming denial of motion to strike answer where defendants were "less than diligent in meeting court deadlines," but their derelictions were not willful or contumacious]; see also Vizcarrondo v Board of Educ. of City of N.Y., 17 AD3d 144, 145 [1st Dept 2005] [although derelict in complying with court's discovery orders, defendants substantially complied with majority of discovery demands and explained that initial noncompliance was the result of a mistaken belief]; CPLR 2221). Plaintiff also proffered a reasonable excuse, in the form of law office failure, for not providing an authorization to obtain the Medical Examiner's records (CPLR 2005).
Plaintiff was deprived of a fair opportunity to respond to appellants' oral motions to strike the complaint, which raised new arguments that she had not complied with the January 31, 2018 order, and should have been brought on by notice of motion (see Ran v Weiner, 170 AD3d 425, [*2]426 [1st Dept 2019] ["footnote request" to amend the complaint should have been raised by notice of motion]; see also Vaynshelbaum v City of New York, 140 AD3d 406 [1st Dept 2016] [defendants' eve-of-trial motion to dismiss did not provide plaintiffs with notice and a fair opportunity to respond]).
We have considered appellants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK