Casiano v City of New York (2024 NY Slip Op 00222)

Casiano v City of New York

2024 NY Slip Op 00222

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Kern, J.P., Friedman, González, Shulman, JJ. 

Index No. 157840/17 Appeal No. 1467 Case No. 2022-03777 

[*1]Juan R. Casiano et al., Plaintiffs-Appellants,
v
The City of New York, Defendant-Respondent, Qwick Kurb Inc., et al., Defendants.

Sekas Law Group, LLC, New York (Janet Navarro of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.

Order, Supreme Court, New York County (Machelle Sweeting, J), entered on or about July 29, 2022, which, to the extent appealed from as limited by the briefs, granted defendant The City of New York's motion to dismiss pursuant to CPLR 3211(a)(7) and for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff Juan Casiano alleges that he sustained injuries when he was crossing the street and tripped over a traffic device, known as a bollard holder, located in the middle of the street. The City met its prima facie burden by establishing the uncontroverted fact that it received no prior written notice of a defect in the road (see Martin v City of New York, 191 AD3d 152, 155 [1st Dept 2020]; Brown v City of New York, 150 AD3d 615, 615-616 [1st Dept 2017]). The burden then shifted to plaintiffs to raise a factual issue as to the existence of written notice or the applicability of an exception (id.). Plaintiffs met their burden by submitting evidence demonstrating that the City affirmatively created the alleged defective condition in the roadway by installing the device, which is raised about four inches from the road and starts right next to the crosswalk (see Martin v City of New York, 191 AD3d at 154). Documents and testimony by a Department of Transportation supervisor established that the City installed the device near the crosswalk. Although plaintiffs' expert did not inspect the location until several years after the accident, photographs show that the condition remained unchanged. Thus, a factfinder could reasonably determine that the City's installation of a raised device mere inches from a busy pedestrian crosswalk could create an immediately dangerous tripping hazard for pedestrians (see id. at 155).
Plaintiffs have abandoned their cross-motion to amend the notice of claim. In any event, the notice of claim permitted the City to "locate the place, fix the time and understand the nature of the accident" (Brown v City of New York, 95 NY2d 389, 393 [2000]; see Vaynshelbaum v City of New York, 140 AD3d 406, 407 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024