Matter of Local 621, S.E.I.U. v New York City Fire Dept. (2024 NY Slip Op 04392)

Matter of Local 621, S.E.I.U. v New York City Fire Dept.

2024 NY Slip Op 04392

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-09926
 (Index No. 522335/20)

[*1]In the Matter of Local 621, S.E.I.U., et al., appellants- respondents, 
v
New York City Fire Department, et al., respondents-appellants.

Gordon, Gordon & Schnapp, P.C., New York, NY (Kenneth E. Gordon of counsel), for appellants-respondents.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Devin Slack, Kevin Osowski, and Amy McCamphill of counsel), for respondents-appellants.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Equal Employment Opportunity Office of the Fire Department of the City of New York dated July 22, 2020, which, without a hearing, found that allegations that the petitioner/plaintiff Steven Perri had engaged in discriminatory conduct were substantiated and referred the matter to the Bureau of Investigations and Trials of the Fire Department of the City of New York, and action to recover damages for unlawful retaliation in violation of the New York State Human Rights Law and the New York City Human Rights Law, the petitioners/plaintiffs appeal, and the respondents/defendants cross-appeal, from an order and judgment (one paper) of the Supreme Court, Kings County (Gina Abadi, J.), dated October 25, 2022. The order and judgment, insofar as appealed from, granted those branches of the respondents/defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for unlawful retaliation in violation of the New York State Human Rights Law and the New York City Human Rights Law. The order and judgment, insofar as cross-appealed from, in effect, granted the petition, annulled the determination, and directed that the determination be expunged from the respondents/defendants' files.
ORDERED that the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The petitioner/plaintiff Steven Perri was a tenured civil servant employed by the Fire Department of the City of New York (hereinafter the Department). In March 2020, the Department's Equal Employment Opportunity Office (hereinafter EEO Office) opened an investigation into a complaint that Perri allegedly had made certain race-based comments about another Department employee. After an investigation, the EEO Office issued a determination dated July 22, 2020, finding that there was sufficient corroborating and credible evidence to substantiate the allegations against Perri and referring the matter to the Department's Bureau of Investigations and Trials. The determination was placed in the files of the EEO Office.
In November 2020, the petitioners/plaintiffs commenced this hybrid proceeding pursuant to CPLR article 78 to review the determination and action to recover damages for unlawful [*2]retaliation in violation of the New York State Human Rights Law (Executive Law § 296[7]; hereinafter NYSHRL) and the New York City Human Rights Law (Administrative Code of City of NY § 8-107[7]; hereinafter NYCHRL). The petitioners/plaintiffs alleged, inter alia, that Perri was denied due process because he was not afforded a hearing prior to the determination being placed in the files. The respondents/defendants moved pursuant to CPLR 3211(a) to dismiss the petition/complaint. The Supreme Court, in effect, granted the petition, annulled the determination, and directed that the determination be expunged from the respondents/defendants' files. The court also granted that branch of the respondents/defendants' motion which was to dismiss the causes of action alleging unlawful retaliation in violation of NYSHRL and NYCHRL. The petitioners/plaintiffs appeal, and the respondents/defendants cross-appeal.
For the reasons set forth in Matter of Local 621, S.E.I.U. v New York City Fire Dept. (___ AD3d ___ [Appellate Division Docket No. 2021-07965; decided herewith]), the Supreme Court properly, in effect, granted the petition, annulled the determination, and directed that the determination be expunged from the respondents/defendants' files (see Matter of D'Angelo v Scoppetta, 19 NY3d 663, 668-670; Matter of Local 621 v New York City Dept. of Transp., 178 AD3d 78, 80-81). Moreover, the court properly granted those branches of the respondents/defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging unlawful retaliation in violation of NYSHRL and NYCHRL, as the petition/complaint failed to sufficiently allege potentially actionable retaliatory conduct (see Matter of Local 621, S.E.I.U. v New York City Fire Dept., ___ AD3d ___ [Appellate Division Docket No. 2021-07965]; Kwong v City of New York, 204 AD3d 442, 443; see also Brightman v Prison Health Serv., Inc., 108 AD3d 739, 742; McKenzie v Meridian Capital Group, LLC, 35 AD3d 676, 677; cf. Kassapian v City of New York, 155 AD3d 851, 853).
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court