Matter of Local 621, S.E.I.U. v New York City Fire Dept. (2024 NY Slip Op 04390)

Matter of Local 621, S.E.I.U. v New York City Fire Dept.

2024 NY Slip Op 04390

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2021-07965
 (Index No. 519355/20)

[*1]In the Matter of Local 621, S.E.I.U., et al., appellants,
v
New York City Fire Department, et al., respondents.

Gordon, Gordon & Schnapp, P.C., New York, NY (Kenneth E. Gordon of counsel), for appellants.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Devin Slack, Kevin Osowski, and Amy McCamphill of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review two determinations of the Equal Employment Opportunity Office of the Fire Department of the City of New York, both dated November 19, 2019, which, without a hearing, found that there was sufficient credible evidence that the petitioners/plaintiffs Louis Morbelli and Hugh McAllister, respectively, had engaged in retaliatory conduct and referred the matter to the Bureau of Investigations and Trials of the Fire Department of the City of New York, and action to recover damages for unlawful retaliation in violation of the New York State Human Rights Law and the New York City Human Rights Law, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated September 30, 2021. The order and judgment granted the respondents/defendants' motion pursuant to CPLR 3211(a) to dismiss the second amended petition/complaint, denied the second amended petition, and dismissed the proceeding/action.
ORDERED that the order and judgment is modified, on the law, by deleting the provisions thereof granting that branch of the respondents/defendants' motion which was pursuant to CPLR 3211(a) to dismiss the second amended petition, denying the second amended petition, and dismissing the proceeding, and substituting therefor provisions denying that branch of the motion, granting the second amended petition, annulling the determinations, and directing that the determinations be expunged from the respondents/defendants' files; as so modified, the order and judgment is affirmed, without costs or disbursements.
The petitioners/plaintiffs Louis Morbelli and Hugh McAllister were tenured civil servants employed by the Fire Department of the City of New York (hereinafter the Department). In August 2019, a complaint against Morbelli and McAllister was filed with the Department's Equal Employment Opportunity Office (hereinafter the EEO Office), alleging that they had engaged in retaliatory conduct against one of the Department's employees because that employee's wife, another Department employee, had filed a charge of discrimination with the United States Equal Employment Opportunity Commission. After an investigation, the EEO Office issued determinations dated November 19, 2019, finding that there was sufficient credible evidence that Morbelli and McAllister had engaged in retaliatory conduct and referring the matter to the Department's Bureau of Investigations and Trials. The determinations were placed in the files of [*2]the EEO Office.
On December 17, 2019, the petitioners/plaintiffs commenced this hybrid proceeding pursuant to CPLR article 78 to review the determinations and action to recover damages for unlawful retaliation in violation of the New York State Human Rights Law (Executive Law § 296[7]; hereinafter NYSHRL) and the New York City Human Rights Law (Administrative Code of City of NY § 8-107[7]; hereinafter NYCHRL]). The petitioners/plaintiffs alleged, inter alia, that Morbelli and McAllister were denied due process because they were not afforded hearings prior to the determinations being placed in the files. The respondents/defendants moved pursuant to CPLR 3211(a) to dismiss the second amended petition/complaint. The Supreme Court granted the motion, denied the second amended petition, and dismissed the proceeding/action. The petitioners/plaintiffs appeal.
Initially, although McAllister has retired from the Department, so much of the second amended petition/complaint as was asserted by him is not academic, as the determination that there was sufficient credible evidence that he had engaged in retaliatory conduct still remains, and its existence may affect him, such as in his attempt to secure future employment (see generally Matter of Taylor v Justice Ctr. for the Protection of People with Special Needs, 182 AD3d 815, 816 n; Matter of Ortiz v Simmons, 67 AD3d 1208, 1209).
Civil Service Law § 75 provides that permanent civil service employees may not be subjected to a disciplinary penalty without a hearing and other due process safeguards (see id. § 75[1]; Matter of Galatti v County of Dutchess, 64 NY2d 1163, 1165). Disciplinary penalties include a reprimand (see Civil Service Law § 75[3]). Here, by failing to hold a hearing, the respondents/defendants failed to afford Morbelli and McAllister the procedural protections of Civil Service Law § 75 (see Matter of D'Angelo v Scoppetta, 19 NY3d 663, 668-670; Matter of Local 621 v New York City Dept. of Transp., 178 AD3d 78, 80-81). Accordingly, the Supreme Court should have denied that branch of the respondents/defendants' motion which was pursuant to CPLR 3211(a) to dismiss the second amended petition, granted the second amended petition, annulled the determinations, and directed that the determinations be expunged from the respondents/defendants' files.
However, the Supreme Court properly granted those branches of the respondents/defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for unlawful retaliation in violation of NYSHRL and NYCHRL, as the second amended petition/complaint failed to sufficiently allege potentially actionable retaliatory conduct (see Kwong v City of New York, 204 AD3d 442, 443; see also Brightman v Prison Health Serv., Inc., 108 AD3d 739, 742; McKenzie v Meridian Capital Group, LLC, 35 AD3d 676, 677; cf. Kassapian v City of New York, 155 AD3d 851, 853).
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court