■ LISA HARRIS, Appellant, v IG GREENPOINT CORP., Appellant, and THE CHINA CLUB LATE NIGHT MANAGEMENT, INC., et al., Respondents. [900 NYS2d 44]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered November 20, 2008, which granted the motion by defendants The China Club Late Night Management, Inc. and Nightlife Enterprises, L.P. (collectively China Club) to dismiss the complaint and cross claims as against them, unanimously reversed, on the law, without costs, the motion denied, and the complaint and cross claims reinstated.

Plaintiff alleges that on February 26, 2006, she tripped and fell on a "defect and/or tripping hazard" in the sidewalk approximately 15 to 18 inches from the curb line outside the entrance to the nightclub owned and managed by China Club. China Club leases the premises from defendant IG Greenpoint Corp. Plaintiff further asserts, based on personal knowledge, that China Club used the sidewalk for entrance, egress and the congregation of patrons and that it cordoned off a portion of the sidewalk using heavy metal stanchions. Plaintiff argues that the hazardous and defective cracks in issue emanated from the exact locations on the sidewalk where the stanchions were set out each night by China Club and that it was the nightly dragging and dropping of the stanchions that caused the damage to the sidewalk.

When reviewing a motion to dismiss for failure to state a

a prima facie case had been made), contended that Dr. Mian's submissions were sufficient to raise a triable issue of fact.

cause of action pursuant to CPLR 3211 (a) (7), the factual allegations of the complaint must be deemed to be true, and the court must afford the plaintiff the benefit of all favorable inferences that can be drawn from the complaint (*see Campaign for Fiscal Equity v State of New York*, 86 NY2d 307, 318 [1995]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 284 [2003]). The motion must be denied where the complaint adequately alleges, for pleading survival purposes, viable causes of action. The sole criterion on a motion to dismiss is whether the pleading states a cause of action, and if, from its four corners, factual allegations are discerned which taken together manifest any cognizable action at law, a motion for dismissal will fail (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Here, assuming the plaintiff's allegations to be true that China Club created the subject hazardous condition on its sidewalk and/or had a special use of the portion of the sidewalk where the accident occurred, the plaintiff's complaint has clearly stated a prima facie cause of action against China Club. Concur—Saxe, J.P., Catterson, Moskowitz, DeGrasse and Abdus-Salaam, JJ.