Morales v Triborough Podiatry, P.C. (2020 NY Slip Op 03408)





Morales v Triborough Podiatry, P.C.


2020 NY Slip Op 03408


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-03110
 (Index No. 521586/18)

[*1]Marilyn Morales, respondent,
v
Triborough Podiatry, P.C., et al., appellants.


Milman Labuda Law Group PLLC, Lake Success, NY (Emanuel Kataev and Gregory C. Brown, Jr., of counsel), for appellants.
Akin Law Group PLLC, New York, NY (Robert D. Salaman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for employment discrimination on the basis of race and sex in violation of Administrative Code of the City of New York § 8-107, the defendants appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated February 21, 2019. The order denied the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion to dismiss the complaint is granted.
The plaintiff, a woman of Hispanic origin, commenced this action against the defendants, a podiatrist and his professional corporation, to recover damages for employment discrimination on the basis of sex and race in violation of the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq.; hereinafter NYCHRL), based upon several comments related to, among other things, the plaintiff's appearance made to her by the defendant Emmanuel Fuzaylov during and after a job interview. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated February 21, 2019, the Supreme Court denied the motion. The defendants appeal.
"When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action. In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v Leader, 74 AD3d 1180, 1180-1181 [citations and internal quotation marks omitted]). Applying this standard, we find that the complaint fails to state a cognizable cause of action to recover damages for employment discrimination or hostile work environment based on race or gender in violation of the NYCHRL (see Torres v Louzoun Enters, Inc., 105 AD3d 945, 945; Administrative Code of City of NY § 8-107).
The provisions of the NYCHRL "must be construed broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible'" (Nelson v HSBC Bank USA, 87 AD3d 995, 997, quoting Albunio v City of New York, 16 NY3d 472, 477-478). However, the complaint, given a liberal construction, fails to allege that adverse employment action or alteration in employment occurred under circumstances giving rise to an inference of discrimination based on the plaintiff's membership in a protected class (see Torres v Louzoun Enters., Inc., 105 AD3d at 945-946). Rather, the complaint alleges that the plaintiff refused employment with the defendants before even being informed that any employment decision had been made. Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court