Polite v Marquis Marriot Hotel (2021 NY Slip Op 04046)





Polite v Marquis Marriot Hotel


2021 NY Slip Op 04046


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-11795
2018-11796
2018-11797
2019-04134
 (Index No. 509830/15)

[*1]Lawrence Polite, appellant, 
v
Marquis Marriot Hotel, etc., et al., respondents, et al., defendants.


Umoh Law Firm, PLLC, Brooklyn, NY (Uwem Umoh of counsel), for appellant.
Venable LLP, New York, NY (Michael J. Volpe and Emily M. Tortora of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of race and disability, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Kathy J. King, J.), dated June 14, 2017, (2) an order of the same court (Kathy J. King, J.) dated August 17, 2017, (3) an order of the same court (Loren Baily-Schiffman, J.) dated October 26, 2017, and (4) an order of same court (Kathy J. King, J.) dated February 5, 2019. The order dated June 14, 2017, insofar as appealed from, denied that branch of the plaintiff's motion which was to restore the plaintiff's motion for a default judgment to the calendar. The order dated August 17, 2017, granted the motion of the defendants Marriott International, Inc., and Henry Arias pursuant to CPLR 3211(a)(7) and (8) to dismiss the complaint insofar as asserted against them. The order dated October 26, 2017, denied the plaintiff's motion for leave to amend the complaint. The order dated February 5, 2019, insofar as appealed from, upon reargument, adhered to the determination in the order dated August 17, 2017, granting the motion of the defendants Marriott International, Inc., and Henry Arias pursuant to CPLR 3211(a)(7) and (8) to dismiss the complaint insofar as asserted against them.
ORDERED that the order dated June 14, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from the order dated August 17, 2017, is dismissed, as that order was superseded by the order dated February 5, 2019, made upon reargument; and it is further,
ORDERED that the order dated October 26, 2017, is affirmed; and it is further,
ORDERED that the order dated February 5, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants Marriott International, Inc., and Henry Arias.
In August 2015, the plaintiff commenced this action against, among others, his former [*2]employer, Marriott International, Inc., incorrectly sued herein as Marquis Marriot Hotel, and his supervisor, Henry Arias, incorrectly sued herein as Henry Aryef (hereinafter together the defendants), to recover damages, inter alia, for employment discrimination on the basis of race and disability, hostile work environment, and unlawful retaliation. According to the plaintiff, the defendants violated Executive Law § 296, Administrative Code of the City of New York § 8-107, and 42 USC § 1981.
In December 2015, the plaintiff moved for a default judgment. Thereafter, the defendants moved pursuant to CPLR 3211(a)(7) and (8) to dismiss the complaint insofar as asserted against them, and the plaintiff cross-moved for leave to amend his complaint. Upon the plaintiff's failure to appear at a scheduled court date, in an order dated December 13, 2016, the Supreme Court granted the defendants' motion, on default, and marked off the plaintiff's motion for a default judgment and his cross motion for leave to amend the complaint.
The plaintiff then moved, in effect, to vacate the order dated December 13, 2016, and to restore this matter to the calendar. In an order dated June 14, 2017, the Supreme Court denied that branch of the plaintiff's motion which was to restore the plaintiff's motion for a default judgment to the calendar, but restored the defendants' motion pursuant to CPLR 3211(a)(7) and (8) to the calendar. In an order dated August 17, 2017, the court granted the defendants' motion on the merits. The plaintiff again moved for leave to amend the complaint, and that motion was denied in an order dated October 26, 2017. The plaintiff also moved for leave to reargue his opposition to the defendants' motion pursuant to CPLR 3211(a)(7) and (8) to dismiss the complaint insofar as asserted against them. In an order dated February 5, 2019, the court granted leave to reargue and, upon reargument, adhered to its determination in the order dated August 17, 2017. The plaintiff appeals.
"When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action. In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v Leader, 74 AD3d 1180, 1180-1181 [citations and internal quotation marks omitted]; see Nonnon v City of New York, 9 NY3d 825, 827; Leon v Martinez, 84 NY2d 83, 87-88). "Conclusory allegations or bare legal assertions with no factual specificity are not sufficient, and will not survive a motion to dismiss" (Matter of Kenneth Cole Prods., Inc., Shareholder Litig., 27 NY3d 268, 278).
Here, accepting as true the facts alleged in the complaint, and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87-88), the complaint fails to state causes of action to recover damages for employment discrimination, unlawful retaliation, or hostile work environment (see Forrest v Jewish Guild for the Blind, 3 NY3d 295). The allegations made in the complaint were conclusory and vague (see Mira v Harder [Evans], 177 AD3d 426, 426-427; DuBois v Brookdale Univ. Hosp. & Med. Ctr., 29 AD3d 731, 732).
Moreover, upon reargument, the Supreme Court properly adhered to its determination in the order dated August 17, 2017, granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Henry Arias for lack of personal jurisdiction. CPLR 308(2) provides, in part, that personal service upon a natural person shall be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence" (see Wells Fargo Bank, N.A. v Heaven, 176 AD3d 761, 762; 1136 Realty, LLC v 213 Union St. Realty Corp., 130 AD3d 590, 591; Samuel v Brooklyn Hosp. Ctr., 88 AD3d 979, 980). "CPLR 308(2) requires strict compliance and the plaintiff has the burden of proving, by a preponderance of the credible evidence, that service was properly made" (Samuel v Brooklyn Hosp. Ctr., 88 AD3d at 980; see Kearney v Neurosurgeons of N.Y., 31 AD3d 390, 391). Here, the plaintiff failed to establish by a preponderance of the evidence that service was properly effected upon Henry Arias.
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court