O'Neill v Wilder (2022 NY Slip Op 02425)

O'Neill v Wilder

2022 NY Slip Op 02425

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2018-14857
 (Index No. 712235/18)

[*1]Maura O'Neill, appellant,
v
Christopher M. Wilder, respondent.

Maura O'Neill, New York, NY, appellant pro se.
Littler Mendelson, P.C., New York, NY (Margaret L. Watson of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for battery and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated October 25, 2018. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for battery and intentional infliction of emotional distress. The defendant moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint. The Supreme Court granted that branch of the defendant's motion. The plaintiff appeals. We affirm.
When a defendant moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the complaint states a cause of action, and the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see J.A. Lee Elec., Inc. v City of New York, 119 AD3d 652, 654). However, such favorable treatment is not limitless, and dismissal is warranted if the plaintiff fails to assert facts in support of elements of the claim (see Zeppieri v Vinson, 190 AD3d 1173; Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 155 AD3d 1218, 1219, affd 31 NY3d 1090). "Conclusory allegations or bare legal assertions with no factual specificity are not sufficient, and will not survive a motion to dismiss" (Polite v Marquis Marriot Hotel, 195 AD3d 965, 967 [internal quotation marks omitted]). Here, affording the complaint a liberal construction, accepting the facts alleged therein to be true, and granting the plaintiff the benefit of every possible favorable inference, we conclude that it fails to state a cause of action, as the core factual allegations and the purported involvement of the defendant are based on mere speculation. Moreover, the plaintiff failed to establish that facts essential to justify opposition to the defendant's motion may exist, but, absent discovery, could not be stated (see CPLR 3211[d]).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
The parties' remaining contentions are not properly before this Court.
MILLER, J.P., ZAYAS, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court