Oluwo v Sutton (2022 NY Slip Op 03734)

Oluwo v Sutton

2022 NY Slip Op 03734

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.

2019-13814
 (Index No. 2260/19)

[*1]Muffy Oluwo, appellant, 
v
Renee Sutton, et al., respondents.

Muffy Oluwo, Brooklyn, NY, appellant pro se.
Buchanan Ingersoll & Rooney PC, New York, NY (Ivan D. Smith and Maureen M. Stampp of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of national origin in violation of the New York State Human Rights Law and the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated October 7, 2019. The order granted the motion of the defendant La Peninsula Community Organization, Inc., pursuant to CPLR 3211(a)(7) to dismiss the complaint in its entirety.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendant La Peninsula Community Organization, Inc., which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging employment discrimination based on disparate treatment in violation of the New York State Human Rights Law and the New York City Human Rights Law, and based on a hostile work environment in violation of the New York City Human Rights Law, and the cause of action alleging aiding and abetting employment discrimination, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff, who is from Nigeria, commenced this action against the defendant La Peninsula Community Organization, Inc. (hereinafter La Peninsula), and its executive director, the defendant Renee Sutton, inter alia, to recover damages for employment discrimination on the basis of national origin in violation of the New York State Human Rights Law (Executive Law § 290 et seq. [hereinafter NYSHRL]) and the New York City Human Rights Law (Administrative Code of City of NY § 8-107 [hereinafter NYCHRL]). The complaint alleged discrimination based on disparate treatment and a hostile work environment, and further alleged that Sutton aided and abetted La Peninsula's discrimination. La Peninsula moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated October 7, 2019, the Supreme Court granted the motion. The plaintiff appeals.
"'When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action. In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine [*2]only whether the facts as alleged fit within any cognizable legal theory'" (Polite v Marquis Marriot Hotel, 195 AD3d 965, 966-967, quoting Sokol v Leader, 74 AD3d 1180, 1180-1181; see Leon v Martinez, 84 NY2d 83, 87-88). "A motion to dismiss merely addresses the adequacy of the pleading, and does not reach the substantive merits of a party's cause of action. 'Therefore, whether the pleading will later survive a motion for summary judgment, or whether the party will ultimately prevail on the claims, is not relevant on a pre-discovery motion to dismiss'" (Kaplan v New York City Dept. of Health & Mental Hygiene, 142 AD3d 1050, 1051, quoting Lieberman v Green, 139 AD3d 815, 816; see Twinkle Play Corp. v Alimar Props., Ltd., 186 AD3d 1447, 1448).
Here, the Supreme Court should have denied those branches of La Peninsula's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging employment discrimination on the basis of national origin in violation of the NYSHRL and the NYCHRL based on disparate treatment (see Executive Law § 296[1][a]; Administrative Code § 8-107[1][a]; Golston-Green v City of New York, 184 AD3d 24, 34). Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference (see Nonnon v City of New York, 9 NY3d 825, 827; Leon v Martinez, 84 NY2d at 87-88), the complaint sufficiently alleged that an adverse employment action occurred under circumstances giving rise to an inference of discrimination based on the plaintiff's national origin (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305; see also Diaz v Minhas Constr. Corp., LLC, 188 AD3d 812, 814; cf. Morales v Triborough Podiatry, P.C., 184 AD3d 754, 755; Torres v Louzoun Enters., Inc., 105 AD3d 945, 945).
Moreover, the plaintiff alleged facts sufficient to state a cause of action against his supervisor, Sutton, pursuant to Executive Law § 296(6) and Administrative Code § 8-107(6), which impose liability upon individuals who aid and abet an employer that commits employment discrimination (see Mitchell v TAM Equities, Inc., 27 AD3d 703, 707; see also Ananiadis v Mediterranean Gyros Prods., Inc., 151 AD3d 915, 917). Accordingly, the Supreme Court should have denied that branch of La Peninsula's motion which was to dismiss that cause of action.
The Supreme Court also should have denied that branch of La Peninsula's motion which was to dismiss the cause of action alleging employment discrimination on the basis of national origin in violation of the NYCHRL based on a hostile work environment. The plaintiff sufficiently alleged that he "was treated 'less well than other employees' because of the relevant characteristic" (Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1003, quoting Reichman v City of New York, 179 AD3d 1115, 1118; see Golston-Green v City of New York, 184 AD3d at 42; see also Kassapian v City of New York, 155 AD3d 851, 853).
However, the plaintiff failed to state a cause of action to recover damages for employment discrimination in violation of the NYSHRL based on a hostile work environment. The allegations in the complaint "fell short of alleging that the workplace was permeated with discriminatory intimidation, ridicule, and insult . . . that [was] sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment" (Pall v Roosevelt Union Free Sch. Dist., 144 AD3d 1004, 1005 [internal quotation marks omitted]; see Reilly v First Niagara Bank, N.A., 173 AD3d 1082, 1082; see also Golston-Green v City of New York, 184 AD3d at 41 n 3). Accordingly, the Supreme Court properly granted that branch of La Peninsula's motion which was pursuant to CPLR 3211(a)(7) to dismiss that cause of action.
The plaintiff's remaining contentions are without merit.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court