Minor v Essence Ventures, LLC (2024 NY Slip Op 50758(U))

[*1]

Minor v Essence Ventures, LLC

2024 NY Slip Op 50758(U)

Decided on June 23, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2024
Supreme Court, Kings County

Jaisa Minor, Plaintiff,

against
Essence Ventures, LLC, NEW GENERAL MARKET PARTNERS, LLC, NEW VOICES ADVISORS, LLC, Defendant.

Index No. 533765/2023

Law Firm of Leslie Oguchi, PLLC, Houston, Texas (Leslie Oguchi of counsel), for Plaintiff.
Squire Patton Boggs (US) LLP, New York City (Katharine Liao and Lauren Herz of counsel), for Defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 16-21, 24-27, 36-41.
Background
This is a motion by Essence Ventures, LLC, New General Market Partners, LLC, and New Voices Advisors, LLC ("Defendants") to dismiss Plaintiff Jaisa Minor's ("Plaintiff") first amended complaint with prejudice for failing to state a cause of action pursuant to CPLR 3211 (a) (7).
Plaintiff alleges three causes of action of discrimination based on her disability in violation of the New York State Human Rights Law (Executive law §§ 292 (21) and 296): termination due to disability, termination due to need for reasonable accommodation, and refusal to provide a reasonable accommodation (see generally NYSCEF Doc No. 19, first amended complaint). Plaintiff had performed "substantial amounts" of work for all three Defendants, receiving wages from New General Market Partners, LLC and New Voices Advisors, LLC, and healthcare benefits from Essence Ventures, LLC. She was employed from 2018-2020. (See generally id.)
Per Plaintiff's first amended complaint, on December 20, 2020, Plaintiff began suffering [*2]seizures requiring immediate hospitalization. The seizures produced a disability which affected Plaintiff's motor skills, speech, and memory. On December 21, 2020, Plaintiff reported her disability to her manager, Darryl Thompson, informing him that she was under the supervision of her doctor and referred to a neurologist. Plaintiff asked for an accommodation in the form of intermittent time off to attend doctor's appointments. On December 29, 2020, Defendants terminated plaintiff's employment. (See id. ¶¶ 13-18.)
Defendants' Motion to Dismiss for Failure to State a Claim
It is Defendants' assertion that Plaintiff has failed to make out a prima facie case of entitlement to relief on any of the causes of action listed in the amended complaint. Defendants characterize Plaintiff's allegations as conclusory, and while a court must accept all facts as true during the pleading stage and whilst viewing the facts in the light most favorable to the plaintiff (citing McKenzie v Meridian Capital Group LLC, 35 AD3d 676 [2d Dept 2006]), "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (quoting Garber v Board of Trustee of State Univ. of NY, 38 AD3d 833, 834 [2d Dept 2007]). (See NYSCEF Doc No. 18, Def mem law at 3.)
In a motion to dismiss pursuant to CPLR 3211 (a) (7), conclusory claims with no factual specificity are insufficient to survive a motion to dismiss (citing Cagino v Levine, 199 AD3d 1103 [3d Dept 2021]). Plaintiff's lack of specificity is fatal to any of her claims under the New York State Human Rights Law ("NYSHRL") as it relies on a "threadbare" conclusion that she was terminated due to her disability without any evidence to substantiate such a conclusion (Toth v New York City Dept of Citywide Admin Servs, 199 AD3d 431 [1st Dept 2014]). (See NYSCEF Doc No. 18, Def mem law at 4.)
Also, there is no causal connection between Plaintiff's disability and her termination. To plead a cause of action for disability discrimination under the NYSHRL, a plaintiff must establish the following (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified to hold the position where she suffered the adverse employment action; and (4) the suffered adverse employment action occurred under circumstances giving rise to an inference of discrimination (citing Forrest v Jewish Guild for the Blind, 3 NY3d 295 [2004]). Defendants assert that Plaintiff has failed to meet the fourth requirement as she cannot prove that she was terminated because of her disability. Her amended complaint also fails to state facts which sufficiently link the two events. Temporal proximity between the events does not lessen the plaintiff's requirement to plead sufficient facts (citing Correa v City of New York, 188 AD3d 452 [1st Dept 2020]). (See NYSCEF Doc No. 18, Def mem law at 5-6.)
Finally, Defendants argue that Plaintiff cannot establish a claim for a failure to accommodate as under NYSHRL § 292 (21), employers must make reasonable accommodations for an employee's disability, provided it does not impose an undue hardship on the employer (citing Matter of Coles v New York State Div. of Human Rights, 122 AD3d 1256 [4th Dept 2014]). A prima facie case of failure to accommodate requires that "(1) plaintiff was disabled within the meaning of the statutes; (2) the employer had notice of the disability; (3) plaintiff could perform the essential functions of his or her job, with a reasonable accommodation; and (4) the employer refused to make a reasonable accommodation" (Miloscia v BR Guest Holdings [*3]LLC, 33 Misc 3d 466, 474 [Sup Ct, NY County 2011], affd in part, revd in part 94 AD3d 563 [1st Dept 2021]). Once again, Plaintiff failed to establish a prima facie case, relying on conclusory statements. Plaintiff failed to establish that her request for doctor's appointments was not just a preference but a necessary accommodation. There are also no facts in the complaint as to who besides Plaintiff's manager was informed about her illness, whether medical information was provided to the company, what intermittent time off from work entailed, or details regarding the denial. (See NYSCEF Doc No. 18, Def mem law at 6-8).
Plaintiff's Opposition to the Motion
In opposition, Plaintiff argues that she has sufficiently met her prima facie burden on each cause of action asserted in the complaint. Plaintiff also asserts that Defendants' explanations for her termination are nothing more than pretext. She was not fired for poor performance, an excuse which only came to light after Plaintiff filed her discrimination complaint with the EEOC and was not provided at the time of termination. In any case, these are factual disputes which should be reserved for the factfinder and not appropriate to be determined on a motion to dismiss. (See NYSCEF Doc No. 25, Pl mem law at 1-2.)
On a motion to dismiss, the court must accept a plaintiff's allegations as true so long as they fit within a cognizable legal theory (citing Morone v Morone, 50 NY2d 481 [1980]). Within the context of a motion to dismiss pertaining to an employment discrimination action, a plaintiff alleging employment discrimination need not plead specific facts establishing a prima facie case of discrimination but need only give fair notice of the nature of the claim and its grounds (citing Vig v New York Hairspray Co., L.P., 67 AD3d 140 [1st Dept 2009]). (See NYSCEF Doc No. 25, Pl mem law at 2.)
Plaintiff also argues that temporal proximity establishes prima facie entitlement to a discrimination claim as Plaintiff disclosed her disability and need for an accommodation to her manager, who, then eight days later, terminated her (citing Manoharan v Columbia Univ. Coll. of Physicians & Surgeons, 842 F2d 590 [2d Cir 1988]). Plaintiff further argues that it was unnecessary for her to allege in the complaint that she informed anyone else about her disability and need for accommodation, since the same manager terminated her. (See NYSCEF Doc No. 25, Pl mem law at 3.)
Finally, Plaintiff argues that a motion to dismiss in not warranted at this juncture because Plaintiff has sufficiently pled a prima facie case for her need for accommodation. The first step to a NYSHRL claim for a reasonable accommodation is that an employer must engage in a good faith interactive process that assesses the needs of the disabled individual and the reasonableness of the accommodation requested (citing Phillips v City of New York, 66 AD3d 170 [1st Dept 2009]). The process for requesting an accommodation should be individualized, interactive process. A failure to engage in the accommodation process is generally a violation of state and city statutes (citing Miloscia v BR Guest Holdings LLC, 33 Misc 3d 466, 474 [Sup Ct, NY County 2011], affd in part, revd in part 94 AD3d 563 [1st Dept 2021]). Moreover, New York courts have held that a temporary leave of absence, or an extended leave of absence, qualifies as a reasonable accommodation (citing Lacourt v Shenanigans Knits, Ltd., 38 Misc 3d 1206[A], 2012 NY Slip Op 52379[U] [Sup Ct, NY County 2012]). Plaintiff had given her employer "fair notice" of her disability, and an accommodation for time off to attend doctor's appointments was reasonable pursuant to New York case law. Defendants chose to terminate Plaintiff unlawfully [*4]rather than determine whether Plaintiff's request was reasonable or engage in conversations about an alternative accommodation. (See NYSCEF Doc No. 25, Pl mem law at 3-4.)
Discussion
As was recently stated in Ruiz v Armstrong (— Misc 3d &mdash, 2024 NY Slip Op 24054, *4 [Sup Ct, Kings County 2024]),
On a motion to dismiss under CPLR § 3211(a)(7), the court must consider "whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" Leon v Martinez, 84 NY2d 83, 87-88 (1994); Polite v. Marquis Marriot Hotel, 195 AD3d 965, 966-967 (2d Dept. 2021); Morales v. Triborough Podiatry, P.C., 184 AD3d 754, 755 (2d Dept. 2020); Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 673 (2d Dept. 2014); Reaves v New York City Dept. of Educ., 2020 NY Slip Op 32480(U), 2020 NY Misc. LEXIS 3626) (Sup. Ct., NY Co. 2020); Krause v. Lancer & Loader Group, LLC, 40 Misc 3d 385, 391 (Sup. Ct., NY Co. 2013). The court must accept the complaint's allegations as true, afford them a liberal construction, and draw all reasonable inferences in plaintiff's favor and "determine only whether the facts as alleged fit within any cognizable legal theory." Nonnon v. City Of New York, 9 NY3d 825, 827 (2007); Kassapian v City of New York, 155 AD3d 851, 853, (2d Dept. 2017); Harris v. IG Greenpoint Corp., 72 AD3d 608, 609 (1st Dept. 2010); Pepler v. Coyne, 33 AD3d 434, 435 (1st Dept. 2006); Artis v Random House, Inc., 34 Misc 3d 858, 863 (Sup. Ct., NY Co. 2011). However, allegations consisting of bare legal conclusions, as well as factual claims inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration. O'Neill v. Wilder, 2022 NY Slip Op 02425 (2d Dept. 2022); Polite, supra, 195 AD3d at 967); Biondi v Beekman Hill House Apt. Corp., 257 AD2d 76, 81 (1st Dept 1999).
The court is not concerned with determinations of fact or the likelihood of success on the merits. Reaves, supra at 6 quoting Detmer v Acampora, 207 AD2d 477 (2d Dept 1994). Whether the complaint will later survive a motion for summary judgment or the plaintiff will ultimately be able to prove its claims "plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" Kasspian, supra, 155 AD3d at 853; Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38 (2nd Dept. 2006). In reviewing a CPLR § 3211 (a) (7) motion to dismiss, the court may not rely on facts alleged by defendants to defeat the claims "unless the evidence demonstrates the absence of any significant dispute regarding those facts and completely negates the allegations against the moving defendants." Harris, supra, 72 AD3d at 609; See, Lawrence v. Graubard Miller, 11 NY3d 588, 595 (2008); Artis, supra, 34 Misc 3d at 863.
The Court of Appeals has determined that anti-discrimination statutes should be broadly interpreted in favor of discrimination plaintiffs, "to the extent such a construction is reasonably possible" (Makinen v City of New York, 30 NY3d 81, 88 [2017]); see Karimian v Time Equities, Inc, 164 AD3d 486 [2d Dept 2018]). In reviewing Plaintiff's complaint in the light most favorable to her and noting the lenient nature of pleading violations of the NYSHRL in the [*5]Second Department, as well as in the Court of Appeals, it is evident that Plaintiff has provided enough facts to make out a prima facie case for disability discrimination and failure to accommodate pursuant to NYSHRL §§ 292 (21) and § 296.
"A plaintiff alleging discrimination in violation of NYSHRL must establish that (1) he or she is a member of a protected class, (2) he or she was qualified to hold the position, (3) he or she suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination" (Lefort v Kingsbrook Jewish Med. Ctr., 203 AD3d 708, 709-710 [2d Dept 2022]); see Reichman v City of New York, 179 AD3d 1115 [2d Dept 2020]; Ayers v Bloomberg, L.P., 203 AD3d 872 [2d Dept 2022]).
In this case, Plaintiff has established she is a member of a protected class due to her disability. "Disability" as defined by the New York State Human Rights Law is " 'limited to disabilities which, upon the provision of reasonable accommodations, do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held' (Executive Law § 292 [21])" (Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881, 883-884 [2013]). On December 20, 2020, Plaintiff suffered seizures, affecting her ability to speak, operate her bodily motor functions, and impairing her memory. Thereafter it was ascertained through a brain MRI that Plaintiff had white matter on her brain, which caused her seizures. (See NYSCEF Doc No. 14, first amended complaint ¶¶ 13, 20.)
Here, Plaintiff alleged in her complaint that her disability would not have impeded her from performing the requirements of her job. She needed time off to attend doctor's appointments. However, even if she were not provided with the requested, reasonable accommodation, she would have been able to satisfactorily perform her job functions. Plaintiff has also alleged in her amended complaint that she was qualified to hold her position prior to her termination. In support of this prong, Plaintiff claimed that she worked for Defendants for approximately two years and did not receive any verbal or written warnings about her performance. In support of the third prong, Plaintiff has alleged that she suffered an adverse employment action in the form of being terminated from her position. Finally, there is an inference of discrimination at play as Plaintiff disclosed her disability to her manager on December 21, 2022, and was terminated eight days later, on December 29, 2022. (See id. ¶¶ 7-20.)
For the reasons stated above, Plaintiff complaint meets the CPLR pleading standards at this prediscovery stage in the litigation.
Conclusion
Accordingly, Defendants' motion to dismiss pursuant to CPLR 3211 (a) (7) should be DENIED.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York