Matter of Francis v Bourke Francis & Padraig Francis Irrevocable Trust (2024 NY Slip Op 04462)

Matter of Francis v Bourke Francis & Padraig Francis Irrevocable Trust

2024 NY Slip Op 04462

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-07692
 (Index No. 612690/21)

[*1]In the Matter of Arthur Francis, appellant, 
v
Bourke Francis and Padraig Francis Irrevocable Trust, et al., respondents.

Orsetti & Curti PLLC, Lindenhurst, NY (Stephen M. Orsetti of counsel), for appellant.
Joseph Soffer, Garden City, NY, for respondents.

DECISION & ORDER
In a proceeding, inter alia, to compel a "full and complete formal accounting" of the Bourke Francis and Padraig Francis Irrevocable Trust and to remove M. Michelle Raab-Francis as trustee, the petitioner appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 6, 2021. The order granted the respondents' motion pursuant to CPLR 3211(a) to dismiss the petition.
ORDERED that the order is affirmed, with costs.
In 2012, the petitioner and M. Michelle Raab-Francis (hereinafter the trustee) created a trust to provide child support for their children entitled the Bourke Francis and Padraig Francis Irrevocable Trust (hereinafter the trust). In August 2020, the petitioner demanded an "informal accounting" of the trust in accordance with Article 7 of the trust instrument. In response, the trustee produced an informal accounting, which she later supplemented with a more detailed accounting. In June 2021, the petitioner requested a "formal accounting" from the trustee pursuant to Article 7 of the trust instrument. The trustee responded that her initial accounting, as supplemented, was sufficient to satisfy her obligations.
The petitioner commenced this proceeding, inter alia, to compel a "full and complete formal accounting" and to remove the trustee. The trustee and the trust (hereinafter together the respondents) moved pursuant to CPLR 3211(a) to dismiss the petition. In an order dated October 6, 2021, the Supreme Court granted the motion. The petitioner appeals.
"'In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Bono v Stim & Warmuth, P.C., 215 AD3d 911, 911, quoting Langley v Melville Fire Dist., 213 AD3d 748, 750). "Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, 'the criterion is whether the proponent of the pleading has a cause of action, not whether [the [*2]proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate'" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715-716, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the petitioner failed to state a cause of action to compel a "full and complete formal accounting" of the trust. The evidentiary materials submitted by the parties demonstrated that after the trustee provided an initial response to the petitioner's demand for an "informal accounting," the trustee supplemented that response with a more detailed accounting, inter alia, detailing the specific dates on which funds were paid into and out of the trust, the source of the funds paid into the trust, and the recipients of the funds paid out of the trust (see Guggenheimer v Ginzburg, 43 NY2d at 275; Matter of Cee-Jay Real Estate Dev. Corp. v New York City Dept. of Parks & Recreation, 226 AD3d 774). Moreover, the petition failed to allege with sufficient specificity how the trustee's supplemental submissions to the initial informal accounting were inadequate to comply with her obligations under the trust instrument (see Polite v Marquis Marriot Hotel, 195 AD3d 965, 967).
Furthermore, the petitioner failed to state a cause of action to remove the trustee. To sustain a cause of action to remove a trustee, the petitioner must establish that "'the trustee has violated or threatens to violate his or her trust or is unsuitable to execute the trust'" (Matter of Cozzoli, 224 AD3d 747, 748-749, quoting Matter of Epstein, 202 AD3d 669, 673). "'[W]hile courts have the power to remove a fiduciary, that power is exercised sparingly and only where the record demonstrates a danger to the . . . trust if removal is denied'" (id. at 749, quoting Matter of Epstein, 202 AD3d at 671). In evaluating a trustee's conduct, "'the relevant inquiry is whether the trustee has negatively impacted the trust or failed to serve the purpose of the trust'" (Matter of Epstein, 202 AD3d at 674, quoting Matter of James H. Supplemental Needs Trust, 172 AD3d 1570, 1573). Here, the petitioner failed to sufficiently allege that the trustee has negatively impacted the trust or failed to serve its purpose. Thus, the Supreme Court properly determined that the petitioner failed to state a cause of action to remove the trustee.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted the respondents' motion pursuant to CPLR 3211(a) to dismiss the petition.
IANNACCI, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court