Dual Diagnosis Treatment Ctr., Inc. v Yellowstone Capital W., LLC
2026 NY Slip Op 03292
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Dual Diagnosis Treatment Center, Inc., etc., et al., appellants,
v
Yellowstone Capital West, LLC, et al., defendants, Viceroy Capital Funding, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2021-03724, (Index No. 525443/18)
Lara J. Genovesi, J.P.
Linda Christopher
Lillian Wan
Donna-Marie E. Golia, JJ.

Colonna Cohen Law, PLLC, Brooklyn, NY (Ashlee V. Colonna Cohen of counsel), for appellants.
Wells Law, P.C., Lancaster, NY (Steven W. Wells of counsel), for respondent Marcella G. Rabinovich.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for abuse of process and violation of Judiciary Law § 487, the plaintiffs appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 25, 2021. The order granted the motion of the defendants Viceroy Capital Funding, Richmond Capital, Michelle D. Gregg, Robert Giardina, and Marcella G. Rabinovich pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Viceroy Capital Funding, Richmond Capital, Michelle D. Gregg, Robert Giardina, and Marcella G. Rabinovich which were pursuant to CPLR 3211(a) to dismiss the first, second, fourth, and fifth causes of action insofar as asserted against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiffs commenced this action to recover damages for abuse of process (fourth cause of action), violation of Judiciary Law § 487 (fifth cause of action), and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 USC § 1961 et seq.) (sixth cause of action), for declaratory relief (first cause of action), an accounting (seventh cause of action), and the imposition of a constructive trust (third cause of action), and to vacate certain judgments by confession (second cause of action). The plaintiffs alleged, inter alia, that the defendants Viceroy Capital Funding (hereinafter VCF) and Richmond Capital (hereinafter RC) held themselves out as merchant cash advance (hereinafter MCA) businesses. The plaintiffs further alleged that the defendant Robert Giardina was the managing partner of VCF and RC, that the defendant Michelle D. Gregg was a principal and agent of VCF and RC, and that the defendant Marcella G. Rabinovich is an attorney who represented VCF and RC.
According to the complaint, the defendants acted in concert to "dupe" the plaintiffs "into an unconscionable series of transactions." The plaintiffs entered into MCA agreements with VCF, among others, secured by affidavits of confession of judgment. Thereupon, Rabinovich [*2]allegedly filed judgments by confession based upon false statements made by Rabinovich and Gregg. VCF then allegedly directed a New York City Marshal to serve a restraining notice on the plaintiffs' bank account, freezing their account, placing economic pressure on them, and causing them to execute a settlement agreement with VCF "under duress."
VCF, RC, Gregg, Giardina, and Rabinovich (hereinafter collectively the VCF defendants) moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint insofar as asserted against them. In an order dated March 25, 2021, the Supreme Court granted the motion. The plaintiffs appeal.
"A party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . the cause of action may not be maintained because of . . . [a] release" (id. § 3211[a][5]). "However, a motion pursuant to CPLR 3211(a)(5) to dismiss a complaint on the basis of a release should be denied where fraud or duress in the procurement of the release is alleged" (Sacchetti-Virga v Bonilla, 158 AD3d 783, 784 [internal quotation marks omitted]; see Warmhold v Zagarino, 106 AD3d 994, 995). Here, in support of their motion, the VCF defendants submitted a copy of a release executed by the plaintiffs that, by its terms, barred this action against the VCF defendants (see Sacchetti-Virga v Bonilla, 158 AD3d at 784). However, the plaintiffs' allegations adequately raised questions of fact as to whether the VCF defendants procured the release by fraud and whether the release was executed under circumstances that indicate unfairness (see id.). Accordingly, the VCF defendants were not entitled to dismissal of the complaint insofar as asserted against them pursuant to CPLR 3211(a)(5) (see Sacchetti-Virga v Bonilla, 158 AD3d at 784).
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Silber Inv. Props., Ltd. v BJG Islandia Realty, LLC, 236 AD3d 953, 954 [internal quotation marks omitted]). Here, to the extent the evidence submitted by the VCF defendants was documentary, that evidence did not conclusively establish a defense to the claims as a matter of law or utterly refute the plaintiffs' factual allegations (see Ofman v Tenenbaum Berger & Shivers, LLP, 217 AD3d 960, 962). Accordingly, the VCF defendants were not entitled to dismissal of the complaint insofar as asserted against them pursuant to CPLR 3211(a)(1).
"On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d 706, 707, quoting Leon v Martinez, 84 NY2d 83, 87-88). "'The ultimate question is whether, accepting the allegations and affording these inferences, plaintiff can succeed upon any reasonable view of the facts stated'" (Perez v Y & M Transp. Corp., 219 AD3d 1449, 1450-1451 [internal quotation marks omitted], quoting Doe v Bloomberg L.P., 36 NY3d 450, 454). However, "[c]onclusory allegations or bare legal assertions with no factual specificity are not sufficient, and will not survive a motion to dismiss" (Polite v Marquis Marriot Hotel, 195 AD3d 965, 967 [internal quotation marks omitted]).
Here, the Supreme Court should have denied that branch of the VCF defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against them. "An action for declaratory relief accrues when there is a bona fide, justiciable controversy between the parties" (Anson v Incorporated Vil. of Freeport, 193 AD3d 799, 801; see CPLR 3001). "To constitute a justiciable controversy, there must be a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect" (Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d 635, 636-637 [internal quotation marks omitted]). Here, the complaint alleged that the settlement agreement between the parties is void due to fraud and that the plaintiffs' obligation to perform under the MCA agreements are void as a result of the VCF defendants' alleged breaches. Thus, accepting the allegations in the complaint as true, the plaintiffs stated a cause of action against the VCF defendants [*3]for declaratory relief (see Chalem v Bonime, 155 AD2d 360, 361).
The Supreme Court also should have denied that branch of the VCF defendants' motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action insofar as asserted against them. A plaintiff may state a cause of action to vacate a judgment by confession by alleging fraud, misrepresentation, misconduct, or falsity of an affidavit submitted in support of the judgment by confession (see Oakshire Props., LLC v Argus Capital Funding, LLC, 229 AD3d 1199, 1202). Here, the complaint adequately alleged that the judgments by confession were obtained by the VCF defendants' fraud, misrepresentations, and false sworn statements.
The Supreme Court properly granted that branch of the VCF defendants' motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action insofar as asserted against them. The plaintiffs failed to allege anything more than a conventional business relationship between themselves and the VCF defendants, and thus, failed to allege a fiduciary relationship upon which a cause of action against the VCF defendants for the imposition of a constructive trust could be based (see JPMorgan Chase Bank, N.A. v Roseman, 137 AD3d 1222, 1223-1224).
The Supreme Court should have denied that branch of the VCF defendants' motion which was pursuant to CPLR 3211(a) to dismiss the fourth cause of action insofar as asserted against them. "The elements of a cause of action alleging abuse of process are: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (Busiello v Whelan, 240 AD3d 736, 737 [internal quotation marks omitted]). Here, accepting the allegations in the complaint as true and according the plaintiffs the benefit of every possible favorable inference, the complaint sufficiently stated a cause of action against the VCF defendants to recover damages for abuse of process (see id. at 738).
The Supreme Court also should have denied that branch of the VCF defendants' motion which was pursuant to CPLR 3211(a) to dismiss the fifth cause of action, which was asserted only against Rabinovich. "Judiciary Law § 487 imposes civil liability on any attorney who is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive . . . any party" (Garanin v Hiatt, 219 AD3d 958, 959 [alteration and internal quotation marks omitted]). Here, the complaint alleged that Rabinovich intentionally applied for judgments by confession with false supporting affidavits and acted upon those judgments by confession when the plaintiffs had not defaulted, falsely claimed that she no longer represented certain parties when the plaintiffs demanded an accounting, and knowingly colluded with the other defendants to commit "fraud on the Court" and to obtain funds from the plaintiffs that exceeded any amount lawfully owed. Thus, accepting the allegations in the complaint as true and according the plaintiffs the benefit of every possible favorable inference, the complaint adequately stated a cause of action against Rabinovich to recover damages for violation of Judiciary Law § 487 (see Garanin v Hiatt, 219 AD3d at 959).
The Supreme Court properly granted that branch of the VCF defendants' motion which was pursuant to CPLR 3211(a) to dismiss the sixth cause of action insofar as asserted against them. RICO "makes it unlawful to use income from a pattern of racketeering activity (1) to acquire an interest in or to establish or operate an enterprise engaged in or affecting interstate commerce, (2) to acquire or maintain an interest in such an enterprise through a pattern of racketeering activity, (3) to conduct or participate in the conducting of such an enterprise through a pattern of racketeering activity and (4) to conspire to do any of the foregoing acts" (Simpson Elec. Corp. v Leucadia, Inc., 72 NY2d 450, 453 [citations and internal quotation marks omitted]; see 18 USC § 1962). "Conclusory allegations or bare legal assertions with no factual specificity are not sufficient, and will not survive a motion to dismiss" (Polite v Marquis Marriot Hotel, 195 AD3d at 967 [internal quotation marks omitted]). Here, the conclusory allegations in the complaint that the VCF defendants engaged in a similar course of conduct against other individuals and used the funds obtained to invest in further unlawful schemes were inadequate to state a cause of action against the VCF defendants to recover damages for RICO violations.
The Supreme Court properly granted that branch of the VCF defendants' motion [*4]which was pursuant to CPLR 3211(a) to dismiss the seventh cause of action insofar as asserted against them. "A cause of action for [an] accounting requires the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (Greenberg v Wiesel, 186 AD3d 1336, 1338 [internal quotation marks omitted]). Here, the complaint failed to allege the existence of a fiduciary relationship between the plaintiffs and the VCF defendants. Thus, the complaint failed to adequately state a cause of action against the VCF defendants for an accounting.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court